UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-60196-CR-COHN

UNITED STATES OF AMERICA,

VS.

HECTOR MANUEL GARCIA,
    a/k/a "Hemo,"

        Defendant.
_____/

## DETENTION ORDER

THIS MATTER came before the Court upon the Government's motion to detain the defendant, Hector Manuel Garcia, prior to trial and until the conclusion thereof. Having received evidence and heard argument of counsel, the Court hereby GRANTS the motion and enters its written findings of fact and statement of reasons for the detention in accordance with the provisions of 18 U.S.C. § 3142(i).

A.    INTRODUCTION

On October 7, 2014, the Court held a hearing to determine whether any condition or combination of conditions of release will reasonably assure the appearance of the defendant, Hector Manuel Garcia, as required and the safety of any person and the community. 18 U.S.C. § 3142(f). Based upon the Indictment of the Grand Jury, see United States v. Hurtado, 779 F.2d 1467, 1479 (11th Cir. 1985), the Court finds probable cause that the defendant, Hector Manuel Garcia, committed an offense for which a maximum term of imprisonment of ten (10) years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 et seq. This finding gives rise to a rebuttable presumption that no condition or combination of conditions of release will reasonably

assure the appearance of the defendant as required and the safety of the community. 18 U.S.C. § 3142(e). Assuming *arguendo* that the defendant has come forward with sufficient evidence to rebut the statutory presumption, the presumption "remains in the case as an evidentiary finding militating against release, to be weigh[ed] along with other evidence." United States v. Quartermaine, 913 F.2d 910, 916 (11th Cir. 1990); United States v. King, 849 F.2d 485, 488 (11th Cir. 1988). Throughout this proceeding, the burden of persuasion is upon the Government to establish by a "preponderance of the evidence" that the defendant poses a risk of flight and/or by "clear and convincing evidence" that he poses a danger to the community. Id. at 489; 18 U.S.C. § 3142(f). In determining whether the Government has met its burden by the requisite standard of proof, this Court must take into account the factors enumerated in 18 U.S.C. § 3142(g).

B.  FINDINGS OF FACT

1.  The defendant is charged with two counts of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841. Therefore, the defendant is charged with crimes involving a narcotic drug. 18 U.S.C. § 3142(g)(1).

2.  The Court received credible evidence that the defendant, Hector Manuel Garcia, committed the offenses with which he has been charged.

According to the Government, this case has been brought as the result of an investigation into the activities of the Pagans Motorcycle Club. The investigation was based, in part, upon the cooperation of a confidential source ("CS"), who is a former member of the Pagans Motorcycle Club and who has multiple felony convictions. The CS is a paid source. And at the time of the offenses charged in the Indictment, both the CS and Garcia were members of the Pagans Motorcycle Club.

The Government proffered that on June 17, 2011, Garcia sold two ounces of cocaine to the CS at a price of $950 per ounce. Prior to Garcia's delivering the cocaine to the CS, which occurred outside a bar in Davie (Florida), he met with the CS and received a $1,900 payment for the narcotics. That meeting, during which the CS verbally counted out the money for Garcia, was audio recorded.

On August 17, 2011, the CS called Garcia, and in a recorded conversation the CS arranged another purchase of cocaine. On August 22, 2011, in Broward County (Florida), Garcia delivered an ounce of cocaine to the CS. This transaction was recorded as well.

The Government proffered that the DEA laboratory determined that the active ingredient in the substances sold by Garcia was cocaine hydrochloride. The laboratory further determined that the weight of the cocaine sold on June 17, 2011, was 54.7 grams and that the weight of the cocaine sold on August 22, 2011, was 27.2 grams.

The Government proffered that if convicted of the instant offenses, Garcia faces an advisory Guidelines sentence of 21 to 27 months' imprisonment. 18 U.S.C. § 3142(g)(2).

3. The pertinent history and characteristics of the defendant, Hector Manuel Garcia, are significant to this Court's assessment of his candidacy for bond. The defendant was born in Cuba and entered the United States in 1966. He currently has pending an outstanding immigration warrant for his removal. From 1966 to 1993, Garcia lived in New Jersey, and since 1993 he has lived in South Florida. He currently resides in Miami with his wife and their 23-year old son. Garcia reported that his parents and sister are deceased and that he does not maintain contact with his one surviving sibling.

Garcia reported that he has been employed as a concrete technician and that he earns approximately $2,000 per month. He possesses bank accounts with a combined

balance of $600, and his wife possesses a home with equity of $10,000.

The Pretrial Services Report shows that Hector Manuel Garcia has a very serious criminal history. He has been previously arrested for the following offenses: possession of barbiturates (1972); simple assault (1972); possession of marijuana/contributing to the delinquency of a minor (1974); capias, felony fugitive from New Jersey (1974); fugitive from justice (1974); felony murder/malicious wounding/robbery (1974); sell cocaine/conspiracy to commit cocaine [sic.] (1983); fugitive from Virginia (2000); bench warrant-reckless driving (2002); failure to appear-failure to register vehicle trailer (2003); and conspiracy to possess with intent to distribute 500 grams or more of cocaine/possession with intent to distribute 500 grams or more of cocaine (2006). In addition, the Report shows that the defendant was convicted of the following offenses: simple assault (1972); felony murder/malicious wounding/robbery (1975); sell cocaine/conspiracy to commit cocaine [sic.] (1986); and conspiracy to possess with intent to distribute 500 grams or more of cocaine/possession with intent to distribute 500 grams or more of cocaine (2006). The Report also shows that Garcia twice violated his parole on his convictions for felony murder, malicious wounding, and robbery and that he also violated his supervised release on his convictions for conspiracy and for possession with intent to distribute 500 grams or more of cocaine.

Finally, the Government proffered that Garcia committed the cocaine distribution offenses with which he is now charged while on supervised release following his conviction on another cocaine distribution offense. 18 U.S.C. § 3142(g)(3)(A) and (B).

4. The Court received evidence concerning the nature and seriousness of the danger to the community that would be posed by the release of this defendant. Garcia

was previously convicted on two occasions of violent offenses – simple assault; felony murder/malicious wounding/robbery – and he was convicted on two additional occasions of narcotics distribution offenses – sell of cocaine/conspiracy to commit cocaine [sic.]; conspiracy to possess with intent to distribute 500 grams or more of cocaine/possession with intent to distribute 500 grams or more of cocaine. It was against the backdrop of these four convictions for violent and narcotics offenses, and while still serving a term of supervised release on a cocaine distribution charge, that Garcia sold cocaine to the CS in this case on two separate occasions. 18 U.S.C. § 3142(g)(4).

5. The Court specifically finds by the preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance at trial. 18 U.S.C. § 3142(e).

6. The Court specifically finds by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. 18 U.S.C. § 3142(e).

C. STATEMENT OF REASONS FOR DETENTION

1. Based upon the above findings of fact, this Court concludes that the release of this defendant on bond prior to trial would present an unreasonable risk of flight. Garcia has shown an ongoing disregard for the law, as evidenced by his continuing criminal activity. In the instant case, the evidence of guilt appears strong, and Garcia would face a period of incarceration if convicted. Further, Garcia has adjusted poorly to supervision, having twice violated his parole and once previously violated his supervised release. In addition, at the time he committed the instant offenses, he was also on supervised release, and that supervision was the result of a cocaine distribution conviction. Moreover, Garcia

has failed to appear in court as directed, has had bench warrants issued for his arrest, or has been a fugitive from justice on five prior occasions. Accordingly, the undersigned does not believe that Garcia would be likely to appear if released on bond prior to trial.

2. Based upon the above findings of fact, this Court concludes that the release of this defendant on bond prior to trial would present an unreasonable danger to persons and to the community. Garcia has been arrested on eleven prior occasions, and he has been convicted one two occasions of violent offenses, including felony murder, and on two additional occasions of narcotics distribution offenses. It was against the backdrop of these convictions for violence and narcotic drugs, and while still serving a term of supervised release on a cocaine distribution charge, that Garcia sold cocaine to the CS in this case on two separate occasions. The defendant, therefore, has neither been deterred nor rehabilitated by virtue of his prior encounters with the criminal justice system.

D.  DISPOSITION

Being fully advised, the court hereby ORDERS that the defendant, Hector Manuel Garcia, be detained prior to trial and until the conclusion thereof.

The Court further DIRECTS:

1. That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. That the defendant be afforded reasonable opportunity for private consultation with counsel; and

3. That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is

confined deliver the defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida this 7th day of October 2014.

BARRY S. SELTZER
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies to:

Hon. James I. Cohn
United States District Judge

All counsel of record

United States Marshal

United States Pretrial Services