UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-60196-CR-COHN/SELTZER

UNITED STATES OF AMERICA
        Plaintiff,
v.

HECTOR MANUEL GARCIA,
a/k/a "Hemo"

        Defendant.
_____/

## STIPULATION OF FACTS AND ACKNOWLEDGMENT OF OFFENSE ELEMENTS IN SUPPORT OF GUILTY PLEA

I, **HECTOR MANUEL GARCIA** (hereafter "Defendant") state that the facts set forth below are true and accurate and that the United States could prove these facts against me at trial. I am pleading guilty to counts one and two of the indictment in this case which counts charge me with knowingly and intentionally possessing cocaine with the intent to distribute it, in violation of Title 21 United States Code, Sections 841(a)(1) and 841(b)(1)(C). I am pleading guilty because I am in fact guilty of these charges.

### NATURE OF CHARGE TO WHICH I AM PLEADING GUILTY

I am aware of and understand the nature of the charges to which I am pleading guilty because I have discussed the charges and what the prosecutor must prove to convict me with my attorney.

I understand that I am charged with knowingly and intentionally possessing cocaine with the intent to distribute it and that the United States must prove the following elements beyond a

1

reasonable doubt:

   1. That I knowingly possessed cocaine; and

   2. That I intended to distribute the cocaine.

I further understand that to "intend to distribute" is a plan to deliver possession of a controlled substance to someone else, even if nothing of value is exchanged.

## FACTS

   1. On June 17, 2011, an FBI Cooperating Source (CS) and another individual known to me as 2-Tone came to a house in Miami-Dade County to purchase cocaine from me. I "fronted" 2-Tone two ounces of cocaine which he was to pay for later after he sold it. I also agreed to sell the CS two ounces of cocaine for $1,900.00 cash. I did not have the additional two ounces of cocaine with me. The CS paid me the $1,900.00, and I agreed to deliver the two ounces of cocaine at a bar in Davie, FL which is in Broward County within the Southern District of Florida. I left the house and obtained the two ounces of cocaine which I delivered to the CS at the bar later that day.

   2. On August 22, 2011, I agreed to sell the CS an ounce of cocaine. I met with the CS in a parking lot in Broward County, FL within the Southern District of Florida and handed him the cocaine. The CS paid me $900.00 cash and we both left.

   3. The suspected cocaine was submitted to the DEA Southeast Laboratory for testing. The laboratory analysis revealed that the substance delivered on June 17, 2011 was in fact cocaine

12. This is the entire agreement and understanding between the USAO and Defendant. There are no other agreements, promises, representations, or understandings.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: *November 12, 2014*   By: *Russell R. Killinger*
RUSSELL R. KILLINGER
ASSISTANT UNITED STATES ATTORNEY

Date: *10.26.2014*   *[signature]*
G.P. DELLA FERA, ESQUIRE
ATTORNEY FOR DEFENDANT

Date: *10-26-2014*   *[signature]*
HECTOR MANUEL GARCIA
DEFENDANT

6